## No. 7818.

NEW-ORLEANS PACIFIC RAILWAY CO. vs. EDWARD J. GAY.

Our expropriation laws authorize the taking of the fee if necessary for public purposes. But if the public needs do not require it, and a less estate will meet the public wants, the fee cannot be taken.

The Constitution only allows private property to be taken to the extent that the public interest demands, and no further. Expropriation beyond that is unconstitutional.

APPEAL from the Fifth Judicial District Court, parish of Iberville. *McVea,* J.

Kennard, Howe & Prentiss, Samuel Matthews, and A. & E. Talbot for plaintiff and appellee:

1. The defendant made no motion for a new trial, and his criticisms of

the verdict upon questions of fact therefore lose much of their "weight where not made before the court which tried the case originally ;" that "an appeal from a judgment founded on a verdict should only be taken after the refusal of a new trial;" and that "judgments founded on verdicts should never be brought before the Supreme Court, without showing that an attempt has been made to obtain a new trial."

Such are the rules derived by Mr. Hennen from the decisions. Digest, vol. 1, pp. 99–100, and they are laid down in such cases as Wright vs. Ferren, 10 A. 92, and the precedents there cited.

2.   It is said in appellant's brief, that the judgment does not conform to the verdict, it being claimed that the verdict is for a right of way only, and the judgment adjudges the land to the plaintiff with full title. At this point it may be proper to quote the law which controls the question. The Act No. 14 of 1876, p. 33 ; Act p. 31, R. S. of 1870, sections 1479, 1481, 1483, 1485.

"A verdict must always be understood with reference to the pleadings, and as responsive to the issues made by them." Trepagnier vs. Durnford, 5 Martin, 456 ; Harrison vs. Faulk, 3 La. 70 ; Downes vs. Scott, 3 Rob. 88 ; Keane vs. Fisher, 9 A. 74.

"The whole finding of a jury on special facts must be taken together." Innis vs. Crummin, 1 N. S. 563.

"Uncertainty in a verdict may be rectified by reference to the pleadings." Newton vs. Ker, 14 An. 704 ; Gay vs. Ardry, 14 L. 288.

"Whatever is beyond the province of the jury to find in the particular case may be disregarded, and judgment rendered without reference to it." Peytavin vs. Winter, 6 La. 559.

"A special verdict simply finds the facts, leaving the court to render a judgment which shall be a proper legal conclusion from such facts." Campbell vs. Creditors, 16 La. 351.

"By a special verdict the facts of the case are put on the record, and the law submitted to the judges." Bouvier's Law Dictionary, 14th ed. *verbo* Verdict.

3.   The transfer of the "right, title, estate of the owner in and to the land," to a company having perpetual succession, could be nothing else but an appropriation in fee. 50 Pa. State, 425 ; 2 Blatchford, 95 ; 1 Kernan (N. Y.), 308 ; 2 Devereux & Battle, N. C. Law, 451 ; 4 Sneed, 528 ; Cooley, 558.

"In estimating the value of the property to be expropriated, the basis of assessment shall be the true value which the land possessed before the contemplated improvement was proposed, and without deducting therefrom any amount for the benefit derived by the owner for the contemplated improvement or work." R. S. sec. 1482.

But this prohibitory provision indicates the general rule whose operation is thereby restricted ; and as to other damages, beyond the value of the land taken, there can be no doubt that they may be offset, as the judge charged. In so charging, he but followed the rules laid down by this court in Railroad vs. Lagarde, 10 A. 150 ; and Railroad vs. Calderwood, 15 A. 481, in the interpretation of the same statute. A similar rule has been followed in many other States, as will be seen by the authorities collected by Cooley, at p. 568, Con. Lim. There is no authority in any book or decision.

5.  The findings of a jury on questions of fact will not be set aside unless manifestly erroneous.

Barrow & Pope for defendant and appellant :

1.  On 24th April, 1879, defendant filed, and had served on plaintiff's counsel, a supplemental and amended answer.

The supplemental answer specially denies that the full ownership of said lands sought to be expropriated is necessary for the public use. He avers that a servitude of way will fully accomplish all purposes of said railroad, and a width of fifty feet is all-sufficient.

On the 29th of April, before the case was called, defendant asked to have this supplemental and amended answer allowed, but the court refused the same.

The lower court erroneously refused to allow it.

First.  It could not be said to come too late, because the trial had not begun. The plaintiffs could not be taken by surprise, for they were ready to sustain the averments of the petition, that the ownership of the land was necessary to its purpose.

Second.  That it is an issue which could be made by special plea, is settled by what is said in 31 An. p. 432 : " We think the legal presumption is that the full ownership is necessary to a corporation having perpetual existence, and that if it is not necessary, the *onus* of showing it is on defendant, who should specially plead it."

2.  "That the list of jurors, when once legally formed, must constitute that out of which the jury is to be formed whenever the case is tried. That the legal panel or list could not be dismissed and a new list formed for the subsequent term of the court." C. C. 2631.

3.  It was also objected, that the court had excused a juror who was over sixty years. The statute does not exempt any one, and only fixes as a qualification that he be a freeholder. The jury has to be taken as they stand on the list, unless a cause can be shown ; so the excusing a juror, who is competent, may operate to the injury of the party in two ways. The juror may be lost, and his name not being called, may give one objectionable to defendant.

This statute being one to compulsorily take a man's property, should be strictly construed, and all its requirements and safeguards strictly enforced. Cooley on Con. Lim. p. 529, 528, 539, 540, 340.

4. In expropriating the right of way for a railroad merely, a *servitude* on the land, and not its ownership, is acquired. 11 A. 98 ; Constitution, art. 110 ; C. C. 722, 490, 491, 492, 505 ; 55 Pa. St. 16 ; 29 Mo. 141 ; C. C. 509 ; 32 Vt. 68 ; C. C. 777 ; C. C. 2634 ; C. P. 690 ; C. C. 2626, 2630, 2632, 2640 ; Field on Cor. 496.

The opinion of the court was delivered by

SPENCER, J. This is a proceeding by plaintiff to expropriate, *in fee*, lands of the defendant, alleged to be necessary for the road-bed of a railway. In this case (by difference from that of " N. O. Pacific R. R. Co. vs. Gay, Tutor," reported in 31 A. 430) the defendant not only denies that plaintiff's necessities require the quantity of land sought to be expropriated, but also denies that there is any need of expropriating the title *in fee*, claiming that a right of way is all that is necessary for plaintiff's purposes.

In the case above referred to, we rested our affirmance of the judgment expropriating the fee on the ground that the defendant's pleadings did not present an issue as to the extent of the estate to be expropriated, but only as to the quantity of land.

The judge *a quo* refused to allow the defendant in the present case to enter upon the question as to the extent of the estate to be taken, holding that plaintiff was, under our statute, entitled to the fee. The question is therefore presented, whether, as a matter of right, the plaintiff can take the fee, where a less estate would answer all the needs of the company?

There is no doubt that the title in fee of the property of a citizen may be taken, if necessary for purposes of public utility, adequate compensation therefor being made. But the only basis, for this right of expropriation, is the needs of the public. The property of no man can be taken without his consent, beyond what is demanded by the public necessity. This results, we think, from the provisions of the Federal and State Constitutions, which declare in substance that vested rights cannot be divested by the State, nor private property be taken, except for purposes of public utility. To entitle the public to take private property, two things are necessary ; first, the interest of the public must require it, and second, adequate compensation must be made.

We think it a fair deduction and corollary of these propositions, that the public can take no more, either in quantity or estate, than will suffice the public wants. If necessary, the fee may undoubtedly be taken ; but if not necessary, it cannot. If a servitude or right of way

will answer all the purposes of the plaintiff, to take more would be to violate the letter and spirit of the constitution. As we said in the case in 31 A. referred to, the question, as to the extent or nature of the estate which the public needs require to be taken, is one of fact. It is manifest that if it were a canal that was to be dug, it would require the fee, while if a turnpike or plank-road for temporary purposes was to be constructed, a simple and temporary right of way would be all that could be required.

We also said in that case that we thought a railroad company clothed with perpetuity presumptively needed the fee, and that the *onus* was on the defendant to show that it was not necessary. The first proposition may be stated too broadly. We think it should be modified as follows: That in the absence of allegation and proof that the fee is unnecessary, the court should award the fee where the party seeking the expropriation is chartered to maintain a public work in perpetuity.

We think that defendant had the right to make this issue, and to administer the proof of it. As the damages would be less where only a servitude or right of way is granted, and as the parties have not had full opportunity to be heard on this question as to the nature and extent of the title needed, we must remand the case for that purpose.

It is therefore ordered and decreed that the judgment appealed from is avoided and reversed, and this cause is remanded to the court *a qua* for a new trial, and to be proceeded with according to the views herein expressed and according to law, appellee paying costs of appeal.